## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
| IN RE: LEITTA BROOKS | ) | Civil Action No. 22-11943-DJC |
|  | ) |  |
|  | ) |  |

### ORDER

**CASPER, J.**                                                                                           February 27, 2023

On November 15, 2022, Leitta Brooks ("Brooks"), proceeding *pro se*, filed a document titled "Questions Regarding The Constitution of the United States of America (Bill of Rights)." D. 1. Brooks references Civil Case No. 1:12-CV-11634-FDS in the case caption, id. at 1, and in conclusion states that she seeks "resolution regarding this longstanding denial of access to the U.S. District Courts." D. 1. Approximately one month later, on December 20, 2022, Brooks paid the $402 filing fee. D. 3.

The Court's records indicate that Brooks was a party to the following actions: *Brooks v. JP Morgan Chase Bank*, 12-11634-FDS, the one referenced in the case caption (dismissed, D. 37-38, on July 17, 2013, and affirmed on appeal, D. 62-63, on July 7, 2014); *Brooks v. JP Morgan Chase Bank*, 14-13068-FDS (dismissed on December 5, 2014, D. 16, and affirmed on appeal, D. 24-25, on September 8, 2015); and *Brooks v. JP Morgan Chase Bank*, 18-12176-FDS (dismissed on January 7, 2019, D. 16-17, on January 7, 2019 and no appeal sought).

"A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Here, the document filed by Brooks does not constitute a complaint as it does not contain the grounds for the Court's jurisdiction, the parties against whom she asserts her claim(s) or what claims she asserts that entitle her to the relief she seeks. See Fed. R. Civ. P. 8(a). If Brooks wishes to pursue this action, she must file a complaint. The Court cannot consider a request for relief

without an underlying complaint which contains a statement of the Court's jurisdiction, "a short and plain statement of the claim showing that the pleader is entitled to relief," and a demand for relief. See Fed. R. Civ. P. 8(a). In addition, a complaint should comply with other requirements set forth in the Federal Rules of Civil Procedure. The caption of the complaint "must name all the parties," Fed. R. Civ. P. 10(a). "A party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The plaintiff must sign the complaint. See Fed. R. Civ. P. 11(a).

If Brooks did not intend to file a complaint (or chooses not to do so now), she may wish to seek a refund of the filing fee.

For the foregoing reasons, it is hereby ORDERED that Brooks shall, on or before March 10, 2023, either file a complaint or advise the Court that she was not seeking to open another civil action in this Court. If Brooks seeks a refund of the filing fee, she must make a request for a refund, in writing. Failure to timely comply with the directives of this Order will result in dismissal of the action.

**SO ORDERED.**

/s Denise J. Casper
Denise J. Casper
United States District Judge